# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID PHILLIPS,

    Plaintiff,

Case No.:

NEWSOUTH WINDOW SOLUTIONS, LLC
A Delaware limited liability company,
NEWSOUTH WINDOW SOLUTIONS OF
TAMPA BAY, LLC
A Florida limited liability company, and
EARL RAHN, individually,

    Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1367, 1441(a) and 1446, Defendants, NEWSOUTH WINDOW SOLUTIONS, LLC a Delaware limited liability company, NEWSOUTH WINDOW SOLUTIONS OF TAMPA BAY, LLC a Florida limited liability company, and EARL RAHN, individually, (collectively, the "Defendants"), give notice of removal of the above-styled action filed by Plaintiff, DAVID PHILLIPS ("Phillips"), from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, to this Court. As grounds, Defendants state:

1. On March 10, 2017, Phillips filed a Complaint against Defendants in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. A copy of the Complaint is attached hereto as Exhibit A. The Clerk of that Court assigned this action Case Number 17-001567-CI.

2. Summonses for all Defendants were issued on March 14, 2017. However, no service of process has been effected.

3. Between March 20, 2017 and April 17, 2017, the undersigned communicated with counsel for Plaintiff to notify Plaintiff that the undersigned would accept service for the Defendants.

Plaintiff's counsel sent a copy of the complaint via email to the undersigned. However, the undersigned responded to Plaintiff's counsel stating that Defendants still needed to be served (via the undersigned). The undersigned also offered to return a waiver of service form if Plaintiff provided it. To date, Defendants have received nothing more than an emailed copy of the complaint sent to the undersigned.

4. Defendants now remove this action to federal court because Phillips's Complaint raises a federal question and, therefore, is amenable to removal. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

5. Specifically, the Complaint alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., because they allegedly "failed to pay Plaintiff a minimum wage as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA")." Complaint at ¶ 31. It is clear from the face of Phillips' Complaint that Phillips pleads a cause of action that arises under federal law.

6. Additionally, Phillips requests liquidated damages in complaining that the alleged failure to pay Plaintiff's wages was "willful." See Complaint at ¶ 26. The question of whether or not Phillips would be entitled to any such relief also arises under federal law.

7. The law is well-established that, while an action under the FLSA may be maintained in a state court of competent jurisdiction, nothing within §216(b) prohibits the removal of such an action to federal court under §1441(a). Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003).

8. This Court has original jurisdiction over actions brought under the FLSA because they arise under federal law. Therefore, removal of this action is proper under 28 U.S.C. § 1441.

9. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Phillips' remaining claim, which is brought under the Florida Minimum Wage Act, Fla. Stat. § 448.08. Moreover, because both of Phillips' claims involve the same common nucleus of operative facts and transactions, the claims should be adjudicated together before this Court. See Complaint at ¶¶ 29, 33.

10. The removal of this action is timely in that it is made within the 30-day period provided in 28 U.S.C. § 1446(b) or before service of process. <u>Whitehurst v. Wal-Mart</u>, 306 F. App'x 446 (11th Cir. 2008).

11. Venue is proper in this Court under 28 U.S.C. § 1391(b), §1441(a), and Rule 1.02 of the Local Rules for the Middle District of Florida because the Middle District of Florida encompasses Pinellas County, the county in which the alleged claims arose.

12. Defendants have provided written notice of the removal to Phillips, and have filed a Notice of Filing Notice of Removal in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. A copy of the Notice of Filing Notice of Removal is attached as Exhibit B.

13. Along with this Notice of Removal, Defendants have filed all pleadings that have previously been filed with the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

WHEREFORE, Defendants respectfully requests that the above-styled action be removed to this Court and this Court assume jurisdiction over this matter for all further proceedings.

Respectfully submitted this 18th day of April, 2017.

Respectfully submitted,

/s/ Bridget E. McNamee
Erin G. Jackson
Florida Bar No.: 413097
Bridget E. McNamee
Florida Bar No. 0096460
THOMPSON, SIZEMORE, GONZALEZ
 & HEARING, P.A.
201 N. Franklin St., Suite 1600
Tampa, Florida  33602
Telephone: (813) 273-0050
Facsimile: (813) 273-0072
Primary Email:  ejackson@tsghlaw.com
Secondary Email: bmcnamee@tsghlaw.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email on this 18th day of April, 2017 to the following:

Paul M. Crochet, Esq.
Weber, Crabb & Wein, P.A.
5999 Central Avenue, #203
St. Petersburg, FL 33710
Email: paul.crochet@webercrabb.com
Barbara.hall@webercrabb.com

            /s/ Bridget E. McNamee
              Attorney